

**ORDERED in the Southern District of Florida on March 14, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

*Tagged Opinion for Print Publication*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

                                        Case No. 21-18653-PDR

Majestic Gardens Condominium C
Association, Inc.,

                                        Chapter 11

        Debtor.

_____/

### MEMORANDUM OPINION ON ORDER DENYING
### MOTION TO DEEM SUBCHAPTER V PLAN TIMELY FILED[1]

A calendaring error by debtor's counsel may be "excusable neglect" but is excusable neglect a basis for extending the deadline for filing a Subchapter V plan and, if not, does such an error qualify as a circumstance for which the debtor should not justly be held accountable justifying a retroactive extension of the deadline? These are the questions raised by the Debtor.

---

[1] The Court's *Order Denying Motion to Deem Subchapter V Plan Timely Filed* was entered on February 22, 2022, following a hearing on February 16, 2022. (Doc. 119).

## Background

The Debtor, Majestic Gardens Condominium C Association, Inc., operates a forty-one-unit condominium community in Lauderhill, Florida. On September 3, 2021, the Debtor filed a voluntary bankruptcy petition under Subchapter V of Chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1181–95. A Subchapter V debtor must file its plan of reorganization within 90 days of the petition date, "except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b). The 90-day deadline ran on December 2, 2021, but the Debtor did not file the Plan until December 5, 2021. According to the Debtor, the delay was due to a calendaring error by its counsel's paralegal.

## Analysis

The Debtor requests that the Court deem the late-filed Plan timely filed under 11 U.S.C. § 1189(b) by applying Fed. R. Bankr. P. 9006(b)(1) or, in the alternative, finding that the error by the Debtor's counsel's paralegal is a circumstance for which the Debtor should not justly be held accountable and justifies an extension of the plan deadline. The Court finds it cannot apply Rule 9006(b)(1) to extend the filing deadline under § 1189(b) and the facts presented do not justify an extension of the § 1189(b) deadline.

I. **The Court cannot apply Fed. R. Bankr. P. 9006(b)(1) to extend the 11 U.S.C. § 1189(b) deadline.**

Under Fed. R. Bankr. P. 9006(b)(1), the Court may generally extend or provide relief from many deadlines for "excusable neglect." The Debtor requests that the

Court apply Rule 9006(b)(1) here and, in support, cites *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). In *Pioneer*, the Supreme Court held that an attorney's inadvertent failure to file a proof of claim by the claims bar date under Fed. R. Bankr. P. 3003(c)(3) constituted "excusable neglect" under Rule 9006(b)(1). *See id.* at 397–98.

However, Rule 9006(b)(1) is not applicable here. In *Pioneer*, Rule 9006(b)(1) was applied to extend a deadline set by another Federal Rule of Bankruptcy Procedure. Section 1189(b) is a federal statute, not a court-created rule of procedure, and provides a 90-day deadline extendable only based on "circumstances for which the debtor should not justly be held accountable." The plain language of the statute sets "a clearly higher standard" than the "excusable neglect" standard of Rule 9006(b)(1) and requires that the debtor establish that "the delay necessitating the extension was caused by circumstances beyond the debtor's control." *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 344 (Bankr. S.D. Fla. 2020); *see also In re Trepetin*, 617 B.R. 841, 848 (Bankr. D. Md. 2020). Rule 9006(b)(1) cannot be used to supplant the requirements of a federal statute because if the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure conflict, the Bankruptcy Code must always prevail. *See* 28 U.S.C. § 2075; *Welt v. Bumshteyn (In re Bumshteyn)*, No. 21-01069-PDR, 2021 WL 126612, at *2 (Bankr. S.D. Fla. Jan. 13, 2022) (citing *Scroggins v. BP Expl. & Oil (In re Brown Transp. Truckload, Inc.)*, 161 B.R. 735, 738 (Bankr. S.D. Ga. 1993)). Therefore, the Court cannot grant the Debtor an extension of the § 1189(b) deadline based on Rule 9006(b)(1).

**II.    The facts do not support granting an extension under 11 U.S.C. § 1189(b).**

To deem the Plan timely filed, the Court must find that (1) it has the authority to grant an § 1189(b) extension after the expiration of the 90-day deadline and (2) counsel's calendaring error is a circumstance "for which the debtor should not justly be held accountable." Though the Court finds it can grant a retroactive extension under § 1189(b), counsel's calendaring error does not satisfy the § 1189(b) standard.

A.    The Court may grant a retroactive extension of § 1189(b) deadline.

Section 1189(b) does not specify whether an extension can be granted after the deadline expires, but other bankruptcy courts have concluded it can. *See, e.g.*, *In re Online King LLC*, 629 B.R. 340, 346–49 (Bankr. E.D.N.Y. 2021). The Court agrees. Where the Bankruptcy Code prevents retroactive extensions, it is often explicit. For example, to extend the time to confirm a standard small business debtor's Chapter 11 plan, the order granting the extension must be "signed before the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C). The absence of similar language in § 1189(b) suggests there is no such limitation to granting retroactive extensions of the deadline to file a Subchapter V plan.

Further, if bankruptcy courts cannot grant retroactive extensions, how would they address "circumstances for which the debtor should not justly be held accountable" that prevent a debtor from timely filing the plan or a motion to extend the time to file the plan? For example, what would be the fate of a Subchapter V debtor where an unforeseen extreme weather event knocks out power for several days

and prevents the debtor from filing documents? The statute would seemingly be rendered meaningless in many otherwise appropriate scenarios if retroactive extensions were impermissible. Therefore, the Court finds that § 1189(b) permits retroactive extensions of the 90-day filing deadline.[2]

> B.     Counsel's calendaring error is not a circumstance justifying an extension under 11 U.S.C. § 1189(b).

An extension is not warranted here. The purported cause for the Debtor's delay was its counsel's calendaring error. The Supreme Court has made clear, however, that clients are "accountable for the acts and omissions of their chosen counsel." *Pioneer*, 507 U.S. at 397; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962). The Debtor must be "accountable" for its counsel's acts and omissions, and as a result, under the facts of this case, must justly be held accountable for its counsel's calendaring error rendering relief under § 1189(b) unavailable. Therefore, the Court finds that Debtor's counsel's calendaring error does not justify an extension of the § 1189(b) deadline.

## III.     Conclusion

The Court cannot deem the Debtor's Subchapter V plan as timely filed. Other courts have observed that this conclusion generally requires dismissal. *See, e.g.*, *Online King*, 629 B.R. at 348; *Seven Stars*, 618 B.R. at 343. However, based on the

---

[2] The Court notes that parties should always strive to request extensions before the expiration of the deadline where practicable. Nothing in § 1189(b) requires bankruptcy courts to consider granting retroactive extensions; the mere failure to timely file the request before the deadline expires may, under some circumstances, be sufficient to deny the request.

statements of Debtor's counsel at the hearing, the Debtor seeks to amend its Petition to remove the Subchapter V designation. The Court will allow the Debtor to do so.

Accordingly, the Court **ORDERS** that the *Motion to Deem Subchapter V Plan Timely Filed* (Doc. 61) is **DENIED**.

# # #

Copies To:
Chad Van Horn, Esq.

*Chad Van Horn, Esq. is directed to serve this Order on all interested parties.*